COFFEY & KAYE
BY:   MICHAEL J. OLLEY, ESQUIRE
IDENTIFICATION NO. 56118
Suite 718, Two Bala Plaza
Bala Cynwyd, PA  19004
(610) 668-9800                                            Attorneys For:  Plaintiff


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. PEDATI, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| NATIONAL RAILROAD PASSENGER | : | |

**C O M P L A I N T**

1.   The plaintiff herein is Thomas J. Pedati, a citizen and resident of the State of Florida, residing therein at 3655 Mandarin Woods Drive, North, Jacksonville.

2.   This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., 20301, et seq, and "The Federal Locomotive Inspection Act," Title 49 U.S.C.A., 20701 et seq.

3.   The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

4.   At the time and place hereinafter mentioned and for a long time prior thereto,

1

the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation.

8. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in

no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. On or about November 26, 1999, at or about 3:00 a.m., and for sometime prior thereto, plaintiff was employed by defendant Amtrak. On that date, in the performance of his duties, plaintiff was traversing the area adjacent to the train at Amtrak Station in or near Jacksonville, Florida. On the aforementioned date, and at the aforementioned time, as a result of the negligence of the defendant, individually and/or by its agents, servants, workmen and/or employees, including but not limited to improper placement and removal of mail and/or mail containers, a mail container was caused to fall out of a railroad car, falling on and striking the plaintiff, and causing him to sustain the serious, painful and permanent personal injuries more particularly hereinafter set forth.

12. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," "The Federal Safety Appliances Act" and "The Federal Locomotive Inspection Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

13. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained the following injuries: right paracentral disc protrusion at C5-6; nerve root impingement at C6; severe right ulnar neuropathy; neurogenic dysfunction; impingement of right rotator cuff; supraspinatus tendinitis; bilateral cervical sprain and strain; thoracic sprain and strain; numbness of right 4th & 5th fingers; numbness of right forearm (ulnar side); right deltoid atrophy; and scapular winging. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries are not presently known.

WHEREFORE, plaintiff claims of the defendant, a sum in excess of one Hundred Fifty Thousand Dollars ($150,000.00).

COFFEY & KAYE

BY:_____
MICHAEL J. OLLEY
Counsel for Plaintiff