IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FORREST KRAMER, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WEBCRAFT TECHNOLOGIES, INC., | : | |
| | : | No. 02-CV-4355 |
| Defendant. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, Webcraft, L.L.C., which is improperly named as Webcraft Technologies, Inc. ("Webcraft" or "Defendant"), by and through its undersigned attorneys, hereby submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff Forrest G. Kramer ("Kramer") as follows:

**FIRST DEFENSE**

**IDENTIFICATION OF PARTIES**

1. After reasonable investigation, Webcraft is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint regarding Plaintiff's residence, and the same are therefore denied.

2. Admitted that Webcraft has a place of business at 4371 County Line Road, Chalfont, PA 18914. The remaining allegation of paragraph 2 are denied.

**JURISDICTION**

3. Denied, except that Webcraft admits that Plaintiff purports to invoke this court's jurisdiction pursuant to the statutes set forth in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 of the Complaint constitute conclusions of law to which no responsive pleading is required and the same are therefore denied. To the extent

-2-

these allegations may be construed as factual, Webcraft denies that any unfair employment practice occurred, and after reasonable investigation, Webcraft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and the same are therefore denied.

    5.    The allegations in paragraph 5 of the Complaint constitute conclusions of law to which no responsive pleading is required and the same are therefore denied.

    6.    Admitted.

    7.    Admitted.

    8.    Denied.

    9.    Admitted that Plaintiff moved to the position of First Assistant in January 1996. The remaining allegations of paragraph 9 are denied.

## COUNT ONE

    10.    Webcraft incorporates by reference its responses to paragraphs 1 through 9 as if fully set forth herein.

    11.    The allegations in paragraph 11 of the Complaint state conclusions of law to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

    12.    After reasonable investigation, Webcraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and the same are therefore denied.

    13.    Admitted that Plaintiff was terminated on or about August 7, 2000. The remaining allegations in paragraph 13 of the Complaint constitute conclusions of law to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

14. Denied.

15. The allegations in paragraph 15 of the Complaint constitute conclusions of law to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

16. Denied.

17. The allegations in paragraph 17 of the Complaint constitute conclusions of law to which no responsive pleading is required and the same are therefore denied.

18. The allegations in paragraph 18 of the Complaint are a demand for relief to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

19. The allegations in paragraph 19 of the Complaint state conclusions of law and a demand for relief to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

20. The allegations in paragraph 20 of the Complaint state conclusions of law and a demand for relief to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

WHEREFORE, Webcraft prays that Plaintiff's claim for relief be denied, that the Complaint be dismissed in its entirety, and that judgment be entered in Webcraft's favor, together with costs and reasonable attorney's fees incurred herein, and any other relief as the Court deems just and proper.

**COUNT TWO**

21. Webcraft incorporates by reference its responses to paragraphs 1 through 20 as if fully set forth herein.

22. The allegations in paragraph 22 of the Complaint state conclusions of law to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

23. The allegations in paragraph 23 of the Complaint state conclusions of law to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

24. The allegations in paragraph 24 of the Complaint state conclusions of law to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

25. The allegations in paragraph 25 of the Complaint state conclusions of law to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

26. The allegations in paragraph 25 of the Complaint state conclusions of law to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

27. Admitted that Plaintiff sustained a work-related injury on or about July 13, 2000, a few days after which he was able to work with light-duty restrictions. Further admitted that Plaintiff was able to return to full duty on or about September 19, 2000.

28. The allegations in paragraph 28 of the Complaint state conclusions of law to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

29. The allegations in paragraph 29 of the Complaint state conclusions of law to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

30. Admitted that Plaintiff's was terminated on or about August 7, 2000. The remaining allegations in paragraph 30 of the Complaint state conclusions of law to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

31. The allegations in paragraph 30 of the Complaint state conclusions of law and a demand for relief to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

32. The allegations in paragraph 32 of the Complaint state conclusions of law and a demand for relief to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

33. The allegations in paragraph 33 of the Complaint state conclusions of law and a demand for relief to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

34. The allegations in paragraph 34 of the Complaint state a demand for relief to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

35. The allegations in paragraph 35 of the Complaint state conclusions of law and a demand for relief to which no responsive pleading is required and the same are therefore denied. To the extent that these allegations may be construed as factual, they are denied.

WHEREFORE, Webcraft prays that Plaintiff's claim for relief be denied, that the Complaint be dismissed in its entirety, and that judgment be entered in Webcraft's favor, together with costs and reasonable attorney's fees incurred herein, and any other relief as the Court deems just and proper.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The Complaint is or may be barred, in whole or in part, by the statute of limitations.

## FOURTH DEFENSE

Plaintiff's damages are barred, in part or whole, by the doctrine of estoppel and/or judicial estoppel.

## FIFTH DEFENSE

The Complaint is or may be barred, in whole or in part, by the doctrines of laches, waiver and/or unclean hands.

## SIXTH DEFENSE

Webcraft's employment decisions with respect to Plaintiff were made for legitimate, non-discriminatory reasons unrelated to Plaintiff's age or shoulder injury.

## SEVENTH DEFENSE

Plaintiff was treated at all times in a legitimate non-discriminatory manner.

## EIGHTH DEFENSE

Plaintiff cannot identify any similarly situated employee who was treated more favorably than was he.

## NINTH DEFENSE

The Plaintiff is not entitled to some or all of the relief sought.

## TENTH DEFENSE

Plaintiff is not entitled to any relief for any period, if any, he has been unable to work due to disability.

## ELEVENTH DEFENSE

If Plaintiff suffered any injury, the injury is not due to the acts of the Webcraft.

## TWELFTH DEFENSE

The Plaintiff has failed to mitigate all or some of his alleged damages.

## THIRTEENTH DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's failure to exhaust his administrative remedies.

## FOURTEENTH DEFENSE

Plaintiff is not a "qualified individual" with a disability under the Americans with Disabilities Act.

## FIFTEENTH DEFENSE

Webcraft at all times reasonably accommodated Plaintiff's shoulder injury.

Webcraft reserve the right to add one or more of the affirmative defenses listed in Federal Rule of Civil Procedure 8(c) and 12(b) if facts are discovered to support an additional affirmative defense.

WHEREFORE, Webcraft prays that Plaintiff's claim for relief be denied, that the Complaint be dismissed in its entirety, and that judgment be entered in Webcraft's favor, together with costs and reasonable attorney's fees incurred herein, and any other relief as the Court deems just and proper.

DATED:  September 10, 2002                    Respectfully submitted,

_____
Hope A. Comisky (56373)
Natalie S. Abbott (87718)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Attorneys for Defendant, Webcraft Technologies, Inc.

## **CERTIFICATE OF SERVICE**

I certify that, on this date, I caused a copy of the foregoing Answer and Affirmative Defenses to Complaint to be served upon counsel for Plaintiff, via First Class Mail, Postage Prepaid:

>Richard J. Orloski
>Orloski, Hinga, Pandaleon & Orloski
>111 N. Cedar Crest Blvd.
>Allentown, PA 18104-4602

_____
Natalie S. Abbott

Dated: September 10, 2002